UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:23-cv-00241-CAS-PD                                          Date: March 16, 2023

Title   *Lela Rejraji v. State Bar of California*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   **(In Chambers) Order to Show Cause Why the Magistrate Judge Should Not Recommend that Plaintiff's Complaint Be Dismissed**

The Court orders Plaintiff to show cause on or before **April 3**, **2023**, why this Court should not recommend dismissal of the Complaint for failure to state a claim.

### I.  Procedural History & Factual Allegations

On February 14, 2023, Plaintiff Lela Rejraji ("Plaintiff"), proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendant State Bar of California ("Defendant").  [Dkt. No. 1.]  On February 14, 2023, the Court issued the Summons, a copy of which was mailed to Plaintiff at the address on the Complaint.  [Dkt. No. 3.]  On March 2, 2023, the envelope mailed to Plaintiff was returned in the mail as "not deliverable as addressed." [Dkt. No. 5.]

According to the Complaint, a State Bar representative covered up evidence of sexual misconduct by two attorneys and subsequently failed to discipline them for their actions.  *Id*. at 4.  The Complaint contains little factual information regarding these events.  The Complaint states these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00241-CAS-PD                                        Date: March 16, 2023

Title     *Lela Rejraji v. State Bar of California*

incidents took place in Riverside and San Francisco on July 30, 2023, a date which has not yet occurred. *Id*. The Complaint does not identify the attorneys nor the state bar representative in any way. The Complaint states that Plaintiff's rights were violated but does not articulate which constitutional rights those are. *Id*. at 5. Plaintiff further alleges that she suffered enormous emotional distress and is seeing a doctor for her depression as a result of these events. *Id*. Plaintiff seeks $100,000 in compensatory and punitive damages. *Id*.

## II.  Standard of Review

The Court is required to screen pro se complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

In determining whether the Complaint should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00241-CAS-PD                                      Date: March 16, 2023

Title        *Lela Rejraji v. State Bar of California*

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding pro se, the Court construes the Complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

## III.   Discussion

On its face, the Complaint fails to state any claim for relief against Defendant.  The Complaint asserts a claim under 42 U.S.C. § 1983.  [*See* Dkt. No. 1.]  To establish liability under Section 1983, a plaintiff must demonstrate that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983.  Liability under Section 1983 arises only upon a showing of personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

Plaintiff does not name as defendants either the state bar official or the attorneys responsible for the conduct at the heart of the Complaint.  Instead, Plaintiff names only the State Bar of California as a defendant.  Thus, the Complaint fails to state a cognizable Section 1983 claim against Defendant for two reasons.  One, there is no *respondeat* superior liability under Section 1983—i.e., liability of a supervisor for acts of a supervisee.  *See Taylor*, 880 F.3d at 1045.  Therefore, to the extent Plaintiff is asserting the State Bar of California is liable under Section 1983 for acts of its employees, Plaintiff has not stated an actionable claim.

Second, Plaintiff seeks monetary relief from Defendant.  [*See* Dkt. No. 1 at 5.]  However, the State Bar of California is considered an arm of the state and entitled to immunity under the Eleventh Amendment.  *See Simmons v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 715 (9th Cir. 1995) ("sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court); *Allegrino v. State Bar of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:23-cv-00241-CAS-PD                                        Date: March 16, 2023

Title   *Lela Rejraji v  State Bar of California*

*California*, 2007 WL 1450312, at *4 (N.D. Cal. May 14, 2007) ("[t]he State Bar of California is an 'arm of the state' for the purposes of Eleventh Amendment immunity."). Thus, Plaintiff's Section 1983 claim against Defendant is barred by sovereign immunity. For these reasons, the Complaint is subject to dismissal.

## IV.   ORDER

For the foregoing reasons, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Complaint be dismissed for failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B). To discharge and satisfy this order, Plaintiff can either:

(1) File a first amended complaint—entirely superseding the Complaint—if she can cure the factual and legal deficiencies outlined in the order, or
(2) Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

Otherwise, Plaintiff can stand on the Complaint with no changes by filing a response with an explanation why she thinks the reasoning of this order is wrong.[1] Plaintiff must do ones of these things by no later than **April 3**, **2023**.

If, given the contents of this Order, Plaintiff elects not to proceed in this action, she may expedite matters by signing and returning the **attached Notice of Dismissal by April 3**, **2023**, which will result in the voluntary dismissal of this action without prejudice.

---

[1] Because it provides these options, this order is non-dispositive and thus not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:23-cv-00241-CAS-PD                                    Date: March 16, 2023

Title     <u>Lela Rejraji v. State Bar of California</u>

    Plaintiff is also ordered to file a notice of her current address by no later than **April 3, 2023**.

    **Plaintiff is cautioned that, absent further order of the Court, her failure to timely file a first amended complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

    Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate her filing of an amended complaint if she elects to proceed in that fashion.

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)

:
iv
