O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LELA REJRAJI,

            Plaintiff,

    v.

STATE BAR OF CALIFORNIA.

            Defendant.

Case No. 5:23-cv-00241-CAS-PD

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

## I.     Pertinent Procedural History and Plaintiff's Claims

On February 14, 2023, Plaintiff Lela Rejraji, proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 against the State Bar of California. [Dkt. No. 1.]  The Complaint alleges that a State Bar representative covered up evidence of sexual misconduct by two attorneys and subsequently failed to discipline them for their actions.  *Id*. at 4.  The Complaint contains little factual information regarding these events, and states that they occurred in Riverside and San Francisco on July 30, 2023, a future date.  The Complaint does not identify the attorneys or the state bar representative in any way.  It alleges that Plaintiff's rights were violated, but does not specify those rights.  *Id*. at 5.  Plaintiff alleges that she suffered enormous emotional distress and is

seeing a doctor for her depression as a result of these events.  *Id*.  Plaintiff seeks $100,000 in compensatory and punitive damages.  *Id*.

On February 14, 2023, the Court issued a Summons as to Defendant State Bar of California, and on February 17, 2023, issued a Notice of Judge Assignment .  [Dkt. Nos. 3, 4.]  Both were mailed to Plaintiff, and on March 2 and 6, 2023, respectively, the Summons and Notice addressed to Plaintiff were returned in the mail to the Clerk, with the notation "not undeliverable as addressed."  [*See* Dkt. Nos. 5, 6.]

On March 16, 2023, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and issued an Order to Show Cause ("OSC") why the Court should not recommend dismissal of the Complaint for failure to state actionable claims no later than April 3, 2023.  [Dkt. No. 7.]  The OSC was mailed to Plaintiff at the address listed on the Complaint.  On March 20, 2023, the OSC mailed to Plaintiff was returned in the mail to the Clerk, with the notation "rts not deliverable as addressed."  [Dkt. No. 8.]

To date, Plaintiff has not responded to the OSC, provided an updated address, or otherwise communicated with the Court about her case since filing on February 14, 2023.  Accordingly, the case is now subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

## II.    Discussion

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on

their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

The first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff did not respond to the Court's OSC or provide the Court her updated address. Her failure to file a response or update her address—or show good cause for her delay—prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendant – also counsels in favor of dismissal because Defendant in this case has been served. [Dkt. No. 3.] Further, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court and update the Court with her address. Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal. [Dkt. No.

7.]  Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.  It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics.  *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).  Because Plaintiff has failed to participate in her own lawsuit, retention of this case would not increase the likelihood of the matter being resolved on its merits.  This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal.  The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed for failure to prosecute.

**IT IS SO ORDERED.**


Dated:  April 17, 2023

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

4